IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                    NO. 2:26-CR-003-Z

VIDAL URQUIDI

## FACTUAL RESUME

In support of Vidal Urquidi's plea of guilty to the offense in Count One of the indictment, Urquidi, the defendant, Eric Coats, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Distribution and Possession with Intent to Distribute Cocaine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly distributed or possessed a controlled substance;

*Second.*  That the substance was in fact cocaine; and

*Third.*   That the defendant distributed the substance or possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024) (Modified to incorporate distribution of a controlled substance. *See United States v. Ambriz*, 727 F.3d 378, 382-84 (5th Cir. 2013)).

**Vidal Urquidi**
**Factual Resume—Page 1**

## STIPULATED FACTS

1.      Vidal Urquidi admits and agrees that on February 22, 2024, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly or intentionally distribute or possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2.      On February 22, 2024, Drug Enforcement Administration (DEA) agents utilized a confidential source (CS) to make a purchase of nine ounces of cocaine from Vidal Urquidi in Borger, Texas.  The CS contacted an individual working with Urquidi and arranged to make the purchase of cocaine.  The CS informed agents that the individual usually directed people to meet with Urquidi at Urquidi's residence, located at 214 Par, Borger, Texas.  The CS stated that Urquidi completed most of the narcotics transactions for the individual.  On that day, the CS placed a recorded call to Urquidi.  Urquidi told the CS to meet him at Urquidi's residence.

3.      Agents provided the CS with $7,000 to purchase the cocaine.  The CS was followed by physical surveillance to Urquidi's residence.  The CS arrived at the residence and, a short time later, Urquidi arrived at the residence in a white Chevrolet pickup.  Urquidi and the CS went to a structure on the back side of the residence.  When they came out of the structure, Urquidi was holding a bucket.  The CS provided Urquidi the $7,000 in exchange for nine ounces of cocaine, which was in a clear baggie inside the bucket.  The CS departed the residence and turned over the suspected cocaine to DEA agents.

**Vidal Urquidi**
**Factual Resume—Page 2**

4.      The suspected cocaine was sent to the DEA South Central Laboratory.  The DEA Laboratory confirmed that the substance was, in fact, cocaine, a Schedule II controlled substance.  The substance had a total net weight of 243.7 grams.

5.      Urquidi admits that he knowingly distributed or possessed with intent to distribute a controlled substance, namely cocaine, a Schedule II controlled substance.

6.      The defendant agrees that the defendant committed all the essential elements of the offense.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the indictment.

AGREED TO AND STIPULATED on this 29th day of _April_____, 2025.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____          _____
Vidal Urquidi                            ANNA MARIE BELL
Defendant                                Assistant United States Attorney
                                         New Mexico State Bar Number 12501
                                         500 South Taylor Street, Suite 300
                                         Amarillo, Texas 79101-2446
_____          Tel:  806-324-2356
Eric Coats                               Fax:  806-324-2399
Attorney for Defendant                   Email:  anna.bell@usdoj.gov

Interpreter